IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tara R. Brown, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>Carolyn W. Colvin, Acting Commissioner )<br>of Social Security, )<br> )<br> Defendant. )<br>_____) | C/A No. 0:14-2520-DCN-PJG<br><br><br><br>**REPORT AND RECOMMENDATION** |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Tara R. Brown, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

*PJG*

    (1)       whether the claimant is engaged in substantial gainful activity;

    (2)       whether the claimant has a "severe" impairment;

    (3)       whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)       whether the claimant can perform her past relevant work; and

    (5)       whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



## ADMINISTRATIVE PROCEEDINGS

In August 2011, Brown applied for DIB and SSI, alleging disability beginning August 8, 2010. Brown's applications were denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on December 10, 2012, at which Brown, who was represented by W. Grady Jordan, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on December 27, 2012 concluding that Brown was not disabled. (Tr. 17-26.)

Brown was born in 1972 and was thirty-seven years old at the time of her alleged disability onset date. (Tr. 144.) She has a high school education and has past relevant work experience as a hair stylist. (Tr. 187.) Brown alleged disability due to lower lumbar arthritis and back pain, diabetes, anemia, a knee injury, and high blood pressure. (Tr. 186.)

In applying the five-step sequential process, the ALJ found that Brown had not engaged in substantial gainful activity since August 8, 2010—her alleged onset date. The ALJ also determined that Brown's obesity, left knee degenerative joint disease, lumbar degenerative disc disease, left hip bursitis, hypertension, anemia, and right heel plantar fasciitis were severe impairments. However, the ALJ found that Brown did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Brown retained the residual functional capacity to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). . . . [S]he can lift or carry, push or pull 10 pounds occasionally and less than 10 pounds frequently; she can stand or walk 2 hours each in an 8-hour workday and sit for 6 hours of an 8-hour workday. . . . [S]he can never climb a ladder, rope or scaffold; she can occasionally crouch and crawl; she can frequently climb ramps and stairs, balance, kneel, and stoop. In addition, she should have no concentrated exposure to dangerous machinery or unprotected heights.



(Tr. 22.) The ALJ found that Brown was unable to perform any past relevant work and that, considering Brown's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Brown could perform. Therefore, the ALJ found that Brown was not disabled from August 8, 2010 through the date of her decision.

Brown submitted additional evidence to the Appeals Council, which denied her request for review on April 25, 2014, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



## ISSUES

Brown raises the following issues for this judicial review:

I. The ALJ Improperly Rejected the Opinion of Plaintiff's Treating Physician, Dr. Sease, In Violation of the Treating Physician Rule.

II. The ALJ's Rejection of the Opinion of Claimant's Treating Orthopedist that Claimant's legs should be elevated with prolonged sitting at waist level for 25-50% of an 8-hour workday Was Not Supported by Substantial Evidence.

III. The ALJ Improperly Substituted Her Own Judgment for That of Plaintiff's Physician.

IV. The new and material evidence from Claimant's treating orthopedist details Claimant's limitations related to her chronic pain, that were not included in the ALJ's residual functional capacity finding.

V. The new and material evidence from Claimant's treating psychiatrist demonstrates that the ALJ did not properly evaluate Claimant's mental impairments where the new evidence conflicts with the ALJ's finding that Claimant only saw her psychiatrist once and never saw her again.

(Pl.'s Br., ECF No. 11.)

## DISCUSSION

**A.     Dr. W. Franklin Sease, Jr.**

Brown's first three issues on appeal allege that the ALJ improperly gave limited weight to the opinion of Dr. W. Franklin Sease, Jr., Brown's treating orthopedist. Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment



relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Any other factors that may support or contradict the opinion should also be considered. 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

> Additionally, SSR 96-2p provides that a finding that
>
> a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *5. This Ruling also requires that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id. at *5.

On September 7, 2012, Dr. Sease completed a physical questionnaire indicating that with prolonged sitting Brown's legs should be elevated waist high 25-50% of the time due to swelling. Dr. Sease indicated that Brown would need to take unscheduled five-minute breaks less than four

times during a workday. Finally, Dr. Sease checked a box that Brown would be absent from work approximately one day per month due to her impairments. (Tr. 388.) After summarizing this statement, the ALJ stated that she gave the opinion little weight. Specifically, she found as follows:

> While I agree the claimant may be absent only once a month and she may need 4 short breaks of minutes each throughout an 8-hour workday, I do not find any medical necessity for the need for the claimant to elevate her legs for any portion of her day, if working a sedentary position. Claimant's medical records do not reflect extensive issues with swelling or edema (Exhibit 10F, page 1; Exhibit 13F, page 4).

(Tr. 23.)

Brown appears to argue that the ALJ erred in giving this opinion little weight by failing to consider the requisite factors, by erroneously finding that Brown's medical records do not reflect extensive issues with swelling or edema, and by improperly substituting her judgment for that of Dr. Sease.

Upon review of the ALJ's decision and the record, the court concludes that the ALJ appears to have applied the relevant factors in evaluating Dr. Sease's opinion and finds that Brown has failed to demonstrate that the ALJ's decision to afford little weight to Dr. Sease's opinion is unsupported by substantial evidence or based on an incorrect application of the law. See 20 C.F.R. §§ 404.1527(c), 416.927(c); Mastro, 270 F.3d at 178 (stating that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight") (internal quotation marks and citation omitted). In discussing this opinion, the ALJ recognized that Dr. Sease was Brown's treating orthopedist but found that the opinion was not consistent with the record. Moreover, Brown has failed to demonstrate that the ALJ's finding that Brown's medical records do not reflect extensive issues with swelling or edema is unsupported by substantial evidence. The majority of the medical records that Brown relies upon reflect that *Brown reported* the swelling as opposed to containing any medical findings or

observations of swelling, edema, or effusion. (Cf. Tr. 263, 301, 304, 389, 393.) Further, the medical records that do contain a medical finding indicate mild edema (Tr. 263, 310), no effusion (Tr. 301), no swelling (Tr. 304, 389), moderate effusion (Tr. 307), +1 effusion (Tr. 317), a small effusion (Tr. 321-22), and positive for some swelling and minimal effusion (Tr. 375). Another record generally discusses her condition and indicates that she had been dealing with left knee pain that caused her problems primarily with pain and swelling and indicates persistent pain and effusion. (See Tr. 319.) The remaining records that Brown cites to are physical therapy notes indicating observations of swelling or generalized joint effusion. (Tr. 331-32, 338-43.) In sum, the ALJ reasonably found that these records do not reflect extensive issues with swelling or edema. In fact, as pointed out by the Commissioner, the one occasion when Dr. Sease noted that Brown had moderate joint effusion, it was successfully reduced through aspiration and injection, and generally the records document improvement with treatment. (See Tr. 303-08.)

Similarly, the court is unpersuaded by Brown's argument that the ALJ impermissibly interpreted medical evidence to discount Dr. Sease's opinion. It is clear from the ALJ's decision that the ALJ, as part of her duties in weighing the evidence, properly relied on medical evidence in making her residual functional capacity determination and resolving conflicts of evidence. Where, as here, the record contains conflicting medical evidence, it is the purview of the ALJ to consider and weigh the evidence, and resolve the conflict. See Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

To the extent that Brown's arguments may be construed as alleging that the ALJ erred in giving greater weight to the opinions from non-examining state agency physicians, the court finds that Brown has failed to demonstrate any error. Such opinions can constitute substantial evidence in support of an ALJ's decision over the opinion of an examining physician so long as the opinions from the non-examining physicians are consistent with the record as a whole. See Smith v. Schweiker, 795 F.2d 343, 345-46 (4th Cir. 1986); Stanley v. Barnhart, 116 F. App'x 427, 429 (4th Cir. 2004) (disagreeing with the argument that the ALJ improperly gave more weight to residual functional capacity assessments of non-examining state agency physicians over those of examining physicians and finding that the ALJ properly considered evidence provided by those physicians in context of other medical and vocational evidence); see also 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i) ("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified . . . [and] are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider [their] findings and opinions as opinion evidence").

For all of these reasons, the court finds that Brown has not shown that the ALJ's decision with regard to Dr. Sease's opinion was unsupported by substantial evidence or reached through application of an incorrect legal standard.

B.      **Additional Evidence Submitted to the Appeals Council**

Brown's remaining arguments stem from the fact that after the issuance of the ALJ's decision, Brown submitted an additional evidence to the Appeals Council. This evidence consisted of additional opinion from Dr. Sease dated three months after the ALJ's opinion and additional mental health treatment records dated October 2011 through March 2013. (Tr. 395-406.) The Appeals Council considered the additional evidence but determined that the information did not



provide a basis for changing the ALJ's decision.  (Tr. 1-2.)  According to Brown, the new evidence warrants outright reversal of the ALJ's decision or remand for further consideration by the ALJ under controlling law.  The court disagrees.

The Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision."  Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011).  In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' "  Id. at 704 (alterations in original) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*)).  If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted.  Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits).  The Meyer Court recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence.[2]  See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

---

[2] Brown argues that because the Appeals Council did not offer a reason for finding the new evidence did not provide a basis for changing the ALJ's decision, it is improper for the court to consider the arguments advanced by the Commissioner in support of her position that the decision is supported by substantial evidence.  The court disagrees.  As indicated above, Meyer explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision" and recognized that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence.  Meyer, 662 F.3d at 702, 707.



This is such a case.  Brown argues that the new opinion evidence from Dr. Sease assessing Brown's pain is the only record evidence of his opinion of Brown's pain and that no evidence in the record contradicts this opinion.  Brown also contends that this evidence provides support for her subjective complaints of pain.  Specifically, Brown points out that on the Clinical Assessment of Pain Form Dr. Sease circled that Brown's pain is present to such an extent as to be distracting to adequate performance of daily activities or work; responded "yes" to a question asking whether pain would interfere with Brown's ability to stay on task for two consecutive hours without taking an unscheduled break; and indicated that Brown would need to change positions from sitting to standing hourly throughout an eight-hour day due to pain.  (Pl.'s Br. at 15, ECF No. 11 at 15.)

However, the record clearly shows that the new evidence submitted to the Appeals Council does not render the ALJ's decision unsupported.  As pointed out by the Commissioner, the record does not reflect any additional treatment by Dr. Sease between his first and second opinion.  Further, the second opinion merely indicates mild to moderate pain for which Dr. Sease did not prescribe any medication.  Additionally, the Commissioner points out that the record only reflects routine and conservative treatment with findings inconsistent with any additional limitations.[3]  (See Def.'s Br. at 15, ECF No. 13 at 15.)  Thus, contrary to Brown's arguments and in accordance with Meyer, this second opinion does not cause the ALJ's decision to be unsupported by substantial evidence.  See Meyer, 662 F.3d at 707; Smith, 99 F.3d at 638-39.

---

[3] As stated above, the ALJ limited Brown to sedentary work and stated that "she can lift or carry, push or pull 10 pounds occasionally and less than 10 pounds frequently; she can stand or walk 2 hours each in an 8-hour workday and sit for 6 hours of an 8-hour workday. . . . [S]he can never climb a ladder, rope or scaffold; she can occasionally crouch and crawl; she can frequently climb ramps and stairs, balance, kneel, and stoop.  In addition, she should have no concentrated exposure to dangerous machinery or unprotected heights." (Tr. 22.)

Page 11 of 14



Brown also argues that the additional mental health treatment records[4] demonstrate ongoing mental health treatment rendering unsupported the ALJ's finding that Brown presented only once on October 11, 2011 to North Hills Medical Center, cancelled her next appointment, and has never seen Dr. Geera Desai again.[5]  Brown argues that this matter should be remanded for further consideration of whether Brown's depression is a severe impairment and of Brown's credibility. However, as argued by the Commissioner, in evaluating whether Brown's depression was a severe impairment the ALJ evaluated the four broad functional areas discussing the evidence of record and found mild limitation in Brown's ability to perform daily activities; no limitation in her ability to maintain social functioning; no limitation in her ability to maintain concentration, persistence, or pace; and no episodes of decompensation, each of extended duration. (Def.'s Br. at 17-18, ECF No. 13 at 17-18; see also Tr. 21.)  Thus, the ALJ found that Brown's medically determinable mental impairment caused no more than minimal limitations in her ability to perform basic mental work activities and, therefore, was not severe.  The ALJ did not base this finding on Brown's lack of treatment.  Moreover, the additional records demonstrate brief and conservative treatment, medication management, and a failure to show up for counseling appointments.  (See Tr. 401-04.) The records reveal no treatment between May 2012 and December 2012.  After the ALJ denied Brown's application in December 2012, Brown returned to Dr. Desai in January 2013.  Dr. Desai restarted one of Brown's medications and prescribed another medication; two months later, a

---

[4] The court notes that the ALJ issued her decision in December 2012 and these records indicate visits on December 5, 2011; January 24, 2012; February 23, 2012; April 23, 2012; April 25, 2013; January 13, 2013; February 28, 2013; and March 18, 2013.

[5] The court observes that this finding is included in the section evaluating Brown's residual functional capacity.



treatment record indicated that she is "doing well" and feels her medications are helping.[6] (Tr. 401-02.) Therefore, as with the second opinion from Dr. Sease, contrary to Brown's arguments and in accordance with Meyer, the additional mental health treatment records do not cause the ALJ's decision to be unsupported by substantial evidence. See Meyer, 662 F.3d at 707; Smith, 99 F.3d at 638-39.

## RECOMMENDATION

For the foregoing reasons, the court finds that Brown has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 6, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[6] Also as observed by the Commissioner, Brown's last treatment record prior the ALJ's decision, which is dated April 25, 2012, indicates that Brown was having "[p]roblems making a decision with jobs. She has seen an [attorney] for disability but she was told not to work until [her] disability [is] finalized. She wants to work to get out of [the] house. She is doing okay but worries about depending on others." (Tr. 402.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).